AVENDT *v.* GORNBEIN.

1. VENDOR AND PURCHASER—DEFAULT—FORFEITURE—VENDOR NOT IN POSITION TO PERFORM NOT ENTITLED TO RESTITUTION OF PREMISES.

    If the vendors in a land contract had no title to the land conveyed, or if the condition of their title was such that they were unable to perform their part of the contract, they would not be entitled to a judgment for restitution of the premises in summary proceedings before a circuit court commissioner after declaring a forfeiture because of the vendee's default in payments.[1]

2. APPEAL AND ERROR—JURISDICTION—ASSUMPTION THAT VENDORS WERE IN POSITION TO PERFORM.

    Where the evidence in the case before the circuit court

[1]Vendor and Purchaser, 39 Cyc. p. 1889.

commissioner does not appear in the record, it may be assumed, from the fact that there was judgment for restitution, that he found that the vendors were in a position to fulfill their part of the contract.[2]

3. JUDGMENT—APPEAL AND ERROR—COLLATERAL ATTACK — VENDOR AND PURCHASER.

A judgment for restitution in summary proceedings before a circuit court commissioner, not appealed from, may not be reviewed in a suit for specific performance for the purpose of determining the sufficiency of the notice of forfeiture and whether the commissioner had jurisdiction; the facts upon which the decision was based not being before the court.[3]

Appeal from Wayne; Tappan (Harvey), J., presiding. Submitted October 9, 1924. (Docket No. 58.) Decided April 3, 1925.

Bill by Frank A. Avendt and another against David Gornbein and others for the specific performance of a land contract. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*John W. L. Hicks* (*Charles C. Stewart*, of counsel), for plaintiffs.

*Joseph Sanders*, for defendants.

MCDONALD, C. J. The plaintiffs purchased of the defendants on land contract certain premises in the city of Detroit. The purchase price was $54,400, of which $13,405.35 was paid in cash and other property. The balance was to be paid in installments. The last payment, amounting to $1,025, was made October 31, 1922. After making this payment the plaintiffs claim that for the first time they learned that the defendants had no legal title to the premises; that they were vendees in a land contract with one Nathan Simons;

[2]Appeal and Error, 4 C. J. § 2728; [3]Judgments, 34 C. J. § 816.

that they were in default in the sum of $1,500; that there was a mortgage of $13,000 on the property; and that under these circumstances they refused to make further payments.    Subsequently the defendants declared a forfeiture of the contract for nonpayment of overdue installments, and began summary proceedings before a circuit court commissioner of Wayne county for restitution of the premises.    In the proceedings before the commissioner the plaintiffs were personally present and were represented by counsel.    Judgment was rendered for the defendants.    From this judgment there was no appeal.    Instead, the plaintiffs filed this bill on the theory that the circuit court commissioner had no jurisdiction of the subject-matter because the plaintiffs in that action were in default on their contract with Nathan Simons, and that the notice of forfeiture did not inform the plaintiffs here that they had title to the property and could perform the contract.    On the hearing the circuit judge dismissed the bill on the ground that the circuit court commissioner had jurisdiction and that therefore the judgment for restitution, not having been appealed from, was a finality and could not be reviewed in a court of equity.

The sole question presented by this record is whether the circuit court commissioner had jurisdiction to hear and determine the question involved in the proceedings before him.    The plaintiffs there appeared personally and by counsel and submitted their claims to the court and jury.    It is conceded that the judgment rendered against them is final if the commissioner had jurisdiction.    There is no allegation of fraud or mistake.    The claim is that when the defendants declared a forfeiture of the contract they were in default and could not perform on their part, and that under such circumstances the notice of forfeiture, to be effectual in conferring jurisdiction on the circuit court commissioner, must state that the title had been

perfected.     If the defendants had no title, or if the
condition of their title was such that they were unable
to perform their part of the contract, they would not
be entitled to a judgment for restitution of the
premises.     The commissioner has jurisdiction in pro-
ceedings regularly brought to determine the condition
of the title and the vendor's ability to perform the
contract.     . What the evidence showed in that regard
does not appear in this record, but from the fact that
there was judgment for restitution, we may assume
that he found that the defendants were in a position
to fulfill their part of the contract.     Assuming that
they were then able to perform, should the notice of
forfeiture have informed the plaintiffs of that fact?
Under some circumstances, it would be necessary for
vendors seeking restitution by summary proceedings
to state in the notice of forfeiture that they had a
good title and were able to perform their part of the
contract.     In *Getty* v. *Peters*, 82 Mich. 661, this
court said:

"Before the defendant could be ousted from her legal
possession under this contract in an action of eject-
ment, or in summary proceedings, it was necessary
for the plaintiff to notify the defendant, under the
circumstances of this case, that he had full title to the
premises, and could perform on his part, and demand
payment upon her part."

In that case, which was an action of ejectment, the
plaintiff had sold on contract to the defendant two
lots, 7 and 8.     He had no title whatever to lot 7.
When the defendant was ready to make her final pay-
ment she demanded a deed.     The plaintiff could not
give a deed of lot 7 and informed her that he did not
propose to do so.     Instead of attempting to acquire
title so that he could fulfill his contract, he gave notice
of forfeiture for nonpayment.     Subsequently he got
title to lot 7.     Without then demanding payment of
the defendant and without any further notice to her

he began suit in ejectment. This court held that the bringing of suit was not sufficient notice of forfeiture and that the former notice was of no avail to him because at that time he had no title and could not perform his part of the contract. Under such circumstances it was held that a demand for payment and a notice of forfeiture informing the defendant that he had acquired title and was in position to give a deed were necessary prerequisites to the bringing of a suit either in ejectment or by summary proceedings. Counsel insist that the rule announced in *Getty* v. *Peters* is controlling of the question presented by the instant case. As we understand the claims of counsel, the two cases are widely different in their facts. The trouble is that in this case we cannot review the facts upon which the commissioner based his conclusion as to the sufficiency of the notice of forfeiture. They are not in this record and it would not matter if they were. The important fact is that they were before the commissioner and he considered and determined them. Whether the notice of forfeiture was sufficient to give him jurisdiction depended upon the facts as he found them. His finding was adverse to the claim of the plaintiffs. If they were not satisfied they should have appealed and we would then have been able to review the judgment and the facts on which it was based. We cannot do so in this suit in equity.

The decree dismissing plaintiffs' bill is affirmed. Defendants will have costs.

CLARK, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.